# White, Appellant, *v.* Philadelphia.

*Negligence—Waters—Municipalities—Independent contractor.*

Where a city awards to an independent contractor the work of dredging out a canal, and the contractor in pursuance of the work builds dams without constructing a by-pass to carry off the water, and an injury is done to neighboring land, the city is not liable for the injury.

Argued Jan. 8, 1902. Appeal, No. 84, Jan. T., 1901, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1897, No. 1646, on verdict for defendant in case of Christopher White v. City of Philadelphia and Albert T. Randolph. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for injuries to land caused by the backing of water. Before ARNOLD, P. J.

The court charged as follows:

This action is brought against the city and the contractor; the city alone has been served and the city alone is the defendant. The work done was a perfectly lawful work, dredging out a canal. It was let out to an independent contractor, and the injury which was done was an injury done by the contractor in the manner of performing his work; building the dams without constructing what the witnesses called a by-pass to carry off the water. The city is not responsible for that; the contractor is, and, therefore under those circumstances, the verdict should be for the defendant.

Mr. Roney: Will your honor consider that we have brought evidence to prove that the dam was located by the inspector

in the particular place it was, and was entirely under his control.

The Court: It is not a question of the location of the dam. It is the want of a by-pass to carry off the water. That was a neglect on the part of the contractor and not of the city.

Mr. Roney: Not when it was under the control of an inspector?

The Court: Having an inspector there to inspect the work does not bind the city for the acts of the contractor. The city has a right to have an inspector to see that the contractor does his work according to the contract.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*W. S. Roney*, with him *Joseph A. Robbins*, for appellant.

*E. Spencer Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellees.

PER CURIAM, February 24, 1902:

There was no error in directing a verdict for the defendant and we therefore affirm the judgment.

Judgment affirmed.